**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 24, 2017



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

July 24, 2017

The Honorable Daniel P. FitzGerald
Supreme Court of New York County
Part 65
111 Centre Street
New York, NY 10013

                                        Re: Greek Archaic Marble Head of a Bull Stolen
                                        from Lebanon ("Bull's Head")

Dear Judge Fitzgerald,

I write in response to Mr. Lederman's letter of July 21, 2017, dated just days after an in-camera conference he and I had with Your Honor on the timing of any release of the Bull's Head to Lebanon. In that conference, it was actually my insistence that CPL 690.55 required judicial authorization from the warrant-issuing judge prior to releasing the Bull's Head that caused all parties to agree to a motion schedule in the first place.[1] It is difficult to understand, therefore, why counsel now asks Your Honor for an Order directing what we had already agreed as officers of the court: that the People would seek permission of Your Honor before releasing the Bull's Head.

Similarly puzzling is the claim that PL 450.10 does not apply. After all, the statute is unambiguous: PL 450.10 applies "when property…alleged to have been stolen, is in the custody of…a district attorney and a request for its release is made *prior to or during* the criminal proceeding." (Emphasis added.) Indeed, it is pursuant to PL 450.10 that the People notified counsel that we would be seizing the Bull's Head and that we would be seeking judicial authorization to release it.[2]

As a threshold matter under PL 450.10, the People were required to notify counsel and institute the necessary proceedings to return the stolen property. Those requirements having been met, the release itself is governed by CPL 690.55. Until its resolution, no release is authorized.

                                                             Respectfully,

                                                             Matthew Bogdanos
                                                             Assistant District Attorney
                                                             212 335-9323

CC *via e-mail*: Georges Lederman, Esq.

---

[1] Putting aside the tone of Mr. Lederman's letter—unexpected from such an experienced, talented attorney held in such high esteem by this Office and me—counsel could not have been surprised by my insistence on judicial authorization prior to release: Mr. Lederman and I have had several antiquities cases together; there has never been a single case in which the People did not seek judicial authorization, on notice to the defense, prior to release.

[2] One imagines counsel's umbrage were the People to seize an item pursuant to an active criminal investigation such as this one, but then release that item without PL 450.10 notice simply because we had timed the seizure before any arrest.